Dear Representative Pierre:
Our office is in receipt of your opinion request dated June 16, 2004, wherein you asked whether there is a penalty for "maintaining" false public records. In your letter, you wrote that the penalty seems to apply only to "filing" false records.
La.R.S. 14:133 Filing or maintaining false public records
contains a definition that sets forth the several different ways in which this statute can be violated. The definition is clear and explicit, and controls interpretation of the statute. Moreover, the definition supersedes any possible confusion created by the statutes' use of the shorthand phrase "filing false public records" at the beginning of paragraphs "A" and "C" when making reference to the statute.
Filing or maintaining false public records, as defined in the statute, can be committed in any one of several different ways. The doing of any single prohibited act is sufficient to violate the statute, and therefore subject the violator to the penalty provision in paragraph " C " therein. The prohibited acts as defined and set forth in the statute, are as follows:
 FILING OR DEPOSITING for record in any public office or with any public official, and with knowledge of its falsity, any forged document, any wrongfully altered document, or any document containing a false statement or false representation of a material fact;
 OR
 MAINTAINING as required by law, regulation, or rule, with knowledge of its falsity, any wrongfully altered document, or any document containing a false statement or false representation of a material fact.
Even though, for the sake of brevity, paragraphs "A" and "C" initially refer to the crime as "filing false public records," the definition set forth in the statute establishes that the act ofmaintaining false public records is a prohibited act, and therefore subjects one to punishment under the statutes' penalty provisions set forth in paragraph "C".
The interpretation of a criminal statute is governed by La.R.S.14:3, which states in pertinent part that criminal statutes should be interpreted to promote justice and to affect the objects of the law. La.R.S. 14:3 adds that when interpreting a criminal statute, all provisions of the statute should be given a genuine construction, according to the fair import of their words. This statute also demands that the words within a criminal statute be taken/interpreted in their usual sense, and in connection with the context and purpose of the statute.
After interpreting the provisions of La.R.S. 14:133 according to the rules of statutory construction set forth in La.R.S. 14:3, it is the opinion of the Attorney General that the act of "maintaining" false public records is a prohibited act, and therefore subjects one to the penalty provisions set forth in La.R.S. 14:133(C.).
Thank you for your opinion request. Our office hopes that this opinion sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: __________________________
 STEPHEN MARTIN ASSISTANT ATTORNEY GENERAL
SM/lm/jy